## IN RE JAMES CARL LOWE.

San Juan, Naturalization.

NATURALIZATION.

Naturalization—United States Marines—Residence.

    1. The Act of June 30, 1914, as to naturalization of marines does not require residence within the district. It will be seldom that members of the Army or Navy could be residents of any judicial circuit. Jurisdiction of the person is acquired when he comes before the court.

Opinion filed March 30, 1918.

HAMILTON, Judge, delivered the following opinion:

This is an application by a United States marine on duty at Santo Domingo city for naturalization under the Act of June

NOTE.—For authorities passing on the question as to powers of state legislatures and state courts in respect to naturalization, see note in 30 L.R.A. 761.

In re Lowe.

30, 1914, 38 Stat. at L. 395, chap. 130.   The applicant exhibits the official papers showing his service and discharge, and recommendation for re-enlistment, and testimony that he is now serving under such re-enlistment.   He makes the necessary proof as to his opinions and attachment to the Constitution. There seems to be no reason why he is not eligible, provided this court has jurisdiction.

The applicant does not reside and is not stationed in Porto Rico.   He has been in Santo Domingo for a short time, but has been mainly on board national war vessels for the past five years.   He has come over to Porto Rico as the nearest judicial district of the United States, for the purpose of making the necessary proof and receiving his naturalization certificate. Has this court jurisdiction?

It has jurisdiction of his person because he is present before the court in person, and makes the necessary proof himself and submits to the jurisdiction.   Nothing is said in the law about the residence for the purposes of such an application, as there is in the general naturalization law in regard to the residence of applicants for general naturalization.   In the nature of the case it would seldom happen that a member of the Army or Navy could be considered as a resident of my judicial district; and particularly is this true at present of the Army, which is intended for service abroad, and at any time of the Navy, for a ship is designed to sail the seas, and not to remain in port.   It would seem that this act is intended to cover just such cases as the present, and to give any district court of the United States jurisdiction to naturalize any sailor on an American war vessel who comes before the court for that purpose.   The application, therefore, will be granted.

It is so ordered.